J-S49006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RYAN NICHOLAS SLOAN | : | |
| | : | |
| Appellant | : | No. 1121 WDA 2016 |

Appeal from the Judgment of Sentence November 13, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000345-2014

BEFORE:    DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED AUGUST 3, 2017**

Appellant appeals from the November 13, 2015 Judgment of Sentence of 12 to 24 months' incarceration following his jury conviction of one count of Simple Assault and one count of Harassment.[1]  We affirm.

Briefly, the facts of this matter are as follows.  Jeff Feely ("the Victim") approached Appellant with the purported intent to purchase three bags of crack cocaine from Appellant.  However, when Appellant produced the drugs, the Victim grabbed the drugs and ran off without paying for them.  Appellant chased the Victim, assaulted him, and reclaimed the drugs.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1) and 18 Pa.C.S. § 2709(a)(1), respectively.

A police investigation identified Appellant as the perpetrator of the Victim's assault. Consequently, police arrested and charged Appellant with the above crimes.

Following a two-day trial, a jury convicted Appellant of Simple Assault and Harassment.

Appellant raises the following issue on appeal:

1. Did the trial court err in allowing the Assistant District Attorney to defame and slander [Appellant] and his family by stating that [Appellant] and his family were "a family of vipers" before the jury?

Appellant's Brief at 2.

In support of this claim, Appellant argues that statements made by the prosecutor in her closing argument prejudiced the jury against him, and resulted in his being denied a fair trial. *Id.* at 5. Specifically, Appellant claims that the trial court erred in permitting the prosecutor to make the following statements:

> The fact of the matter is that what we have here is a nest of vipers, drug dealers. I told you at the beginning it's a scourge on our community, and I know that defense counsel has indicated that it's just Richard Ware who's the drug dealer here, but I think that the evidence indicates that his client is as well.

N.T., 3/27/15, at 20-21.

It is well settled that, to preserve a claim of error for appellate review, a party must make a specific, timely objection to the alleged error at the appropriate stage of the proceedings. ***Commonwealth v. Tucker***, 143

A.3d 955, 961 (Pa. Super. 2016); Pa.R.A.P. 302(a). Failure to raise a proper objection results in a waiver of the underlying issue on appeal. ***See Tucker, supra***. Instantly, our review of the Notes of Testimony reveals that Appellant did not object at trial to the prosecutor's statements during her closing argument. Accordingly, Appellant has waived his issue for review.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017